## BOARDMAN CO. v. BOARD OF COM'RS OF PONTOTOC COUNTY, OKL.

### No. 2102.

Circuit Court of Appeals, Tenth Circuit.

Nov. 4, 1940.

Rehearing Denied Dec. 19, 1940.

250

D. A. Richardson, of Oklahoma City, Okl. (Edward Spiers and V. J. Bodovitz, both of Oklahoma City, Okl., on the brief), for appellant.

Orel Busby, of Ada, Okl. (Carloss Wadlington, Lowry H. Harrell, and A. W. Trice, all of Ada, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

The Boardman Company, a corporation, sued the Board of County Commissioners of Pontotoc County, Oklahoma, seeking to recover the sum of $3,842.60 on Warrant No. 1941, drawn on the 1937-1938 Pontotoc County, Oklahoma fund and issued and delivered to the Boardman Company October 11, 1937. The parties will be referred to as they appeared in the court below.

Defendant's answer to the action was that the warrant on which recovery was sought was void because issued in violation of pertinent statutes of the State of Oklahoma. The theory of the defense was that the warrant for which recovery is sought was one of a series of transactions that extended over several fiscal years; that the tractor was bought on an illegal installment plan and was paid for out of income and revenue provided for that purpose, over a period of several fiscal years, in violation of the statutes of Oklahoma prohibiting such a transaction; that the scheme used to evade the statute was effectuated by executing a rental agreement whereby the tractor was rented to the county in one fiscal year, and then paid for in a subsequent fiscal year. The charge was that the various transactions all formed a part of a scheme to evade the pertinent statutes prohibiting the incurring of obligations extending over more than one fiscal year.

The answer alleged that Chas. M. Johnson was the agent of plaintiff; that on October 5, 1936, he entered into a purported contract with defendant whereby he rented to it one Allis Chalmers Model L Tractor, No. 1559, for a period of time commencing

on date of delivery and terminating June 1, 1937, for which defendant agreed to pay a rental of $2,000, in two payments of $1,000 each; that one payment was made May 8, 1937, and the other June 19, 1937; that the purported rental agreement was in fact a sale of the tractor to defendant, to be paid for partly out of the funds provided for the fiscal year ending June 30, 1937, and the balance out of funds to be provided for in the succeeding fiscal year; that the contract operated to create an indebtedness in excess of revenues provided for highway purposes for the year ending June 30, 1937; that the sale was illegal and void; that defendant was without authority to enter into or ratify the same; that the rental agreement was a fraudulent subterfuge to conceal an illegal and void transaction and that the warrant sued on was the last installment under such unlawful agreement and was therefore void. Other defenses were set up in the answer which, owing to the decision we have reached on the main defense, it will not be necessary to consider.

In a cross petition defendant sought to recover from plaintiff the sum of $27,258.10 alleged to have been received by plaintiff from the defendant through the illegal sale of six other tractors, all made in a manner similar to the sale recounted in the answer to plaintiff's complaint; that as a result thereof plaintiff had unlawfully received from defendant, through the illegal and void transactions, the sum of $27,258.10, and that defendant was entitled to recover this sum, together with a like amount as a penalty.

A jury having been waived, the cause was tried to the court. The court made extensive findings of fact and conclusions of law. The court found that the warrant sued on was issued as a part of the purchase price for tractor No. 1559 sold by plaintiff, through Johnson, its agent, to the defendant during the fiscal year ending June 30, 1937; that during that year plaintiff received on the sale price of this tractor the sum of $2,000 as purported rental; that the rental contract was a subterfuge to conceal the agreement to pay the purchase price of the tractor in installments during more than one fiscal year; that at all times referred to in defendant's answer and cross petition, Johnson was the agent of Boardman; that the rental transactions set up in the counter claim were each entered into as a subterfuge to conceal agreements to pay the purchase price of tractors in installments covering more than one fiscal year;

that $5,793.41 was paid by defendant to plaintiff within one year prior to the filing of the cross petition; that $11,639.25 was paid by defendant to plaintiff more than one year before, but within three years prior to, the filing of the cross petition; that the county was entitled to recover double the amount paid within one year prior to the filing of the cross petition, or the sum of $11,586.82; and the further sum of $11,637.25, being the amount paid by defendant to plaintiff more than one year before the filing of the cross petition but within three years thereof. The trial court entered judgment that plaintiff take nothing on its petition and that defendant recover the total sum of $23,224.07. From this judgment an appeal has been taken to this court.

The contention is made that under the laws of Oklahoma defendant did not have authority to rent road machinery and equipment. For the purpose of this opinion it may be conceded that such authority existed. The question then is, was this a valid, legitimate transaction or was it a stratagem employed to evade applicable statutory prohibitions?

The evidence amply sustains the finding of the court that the transactions out of which the warrant sued upon arose, were all a part of a scheme to sell the tractor to the defendant on an installment plan, to be paid for out of revenues provided for in more than one fiscal year, and that the rental agreement was a subterfuge employed to evade the law.

On October 5, 1936, Johnson executed the rental contract with the defendant whereby he leased to it Tractor Model L, No. 1559, for a period of time commencing on the day of delivery and terminating June 1, 1937, for an agreed rental payment of $2,000. The rental was paid during the fiscal year ending June 30, 1937, and the tractor was sold to the county about October 11, 1937. Although the right of the county to the use of the tractor under the rental agreement expired June 1, 1937, it continued in possession of the tractor and used it until the sale thereof on October 11, 1937, without any agreement to pay any further rental for its continued use. Johnson did not concern himself about the tractor in any way. It just remained in the possession of defendant. For some unexplained reason, on August 23, 1937, a second lease contract was made for the same tractor, for a rental period commencing on August 2, 1937, and terminating

December 1, 1937, for which the county agreed to pay a further rental of $2,000. No rental was as a matter of fact paid under this lease. The rental contract provided that at the termination thereof, the owner was entitled to repossess his property. What, then, did the parties mean when they inserted this language in the contract: "At the expiration of this lease, *should the said apparatus be returned to Party of the First Part*, it is understood that same must be in the condition as received * * *"? This language lends credence to the contention of the defendant that when the rental contract was made it was never contemplated that the tractor should be returned at the end of the rental period, but that it would be paid for in the subsequent year. All the rental contracts involving the various tractors were of the same nature and tenor.

On January 25, 1937, a rental agreement was made between Johnson and defendant for a Model L Allis Chalmers tractor, for a period commencing May 31, 1937, and terminating June 30, 1937, for which defendant agreed to pay $2,000 as a rental. There was testimony to the effect that the life of a tractor was 9,000 working hours. Assuming that the county operated the tractor 12 hours per day throughout the life of the tractor, it would have paid $50,-000 in rentals for a tractor worth approximately $6,000. This rental is so exorbitant and unreasonable as in itself to raise a doubt that it was meant as a rental. The fact that in every instance the rental was exorbitantly excessive, that the county continued to use these tractors after the expiration of the rental period without any arrangement for additional rental or without any concern on the part of Johnson as to his property, that in every instance after the expiration of the rental period the county purchased these tractors for approximately the difference between the rental paid and the sale price of the tractor, that the contracts contained language which leads to the conclusion that it was not contemplated that the property was to be returned at the termination of the rental period, supports the conclusion of the court that the rental contract was a scheme and device to sell the tractor and pay the purchase price in installments extending over several years, in violation of express statutory prohibitions and was therefore null and void.

The basis for defendant's cross petition is Section 5964, O.S.1931, 62 Okl.St.Ann. § 372, which provides that: "Every officer of any county, township, city, town or school district, who shall hereafter order or direct the payment of any money or transfer of any property belonging to such county, township, city, town, or school district in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for any such county, township, city, town, or school district by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the county, township, city, town, or school district affected, for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty, to be recovered at the suit of the proper officers of such county, township, city, town, or school district, or of any resident taxpayer thereof, as hereinafter provided."

To recover on its cross petition, defendant must establish either that Johnson was the agent of plaintiff or that plaintiff had notice and knowledge of the transaction. Johnson had been a county commissioner of the defendant county. On July 15, 1935, shortly after Johnson's retirement from office, plaintiff entered into a contract with him granting him the right to sell its machinery in certain designated territories, including the defendant county. It gave him the exclusive right to sell plaintiff's machinery to town, city and county governments in the designated territory. The contract specifically provided that Johnson was in no sense an agent of the company and had no authority to bind it in any manner whatsoever. Johnson was to pay for the tractors in cash or by such other plan of payment deemed acceptable to the company. All orders were subject to approval by the company and it reserved the right to reject orders and refuse shipment. Johnson's compensation was a commission as set forth in the schedule, to be paid only when the tractor was fully paid for.

The contract gave the company the right to change at any time without notice the list price or discounts. Johnson agreed to offer for sale only products furnished by plaintiff. He bound himself to furnish such information or reports as might be requested by the company.

 The language of the contract providing that Johnson was not the agent of plaintiff is entitled to weight and consideration, but is not conclusive, and we 'are not precluded thereby to seek further to ascertain the true intent of the parties. We may draw aside the curtain and view the transaction in its undraped form. While the contract implies that Johnson will become indebted to plaintiff for machines ordered, the record fails to reveal a single charge made against Johnson or a single payment made by Johnson to plaintiff other than the assignment of the orders procured from the county. It does not appear in the record that plaintiff charged Johnson on its books with any sum; no tractors were delivered to Johnson. When he rented a tractor to defendant it was delivered directly to the county. In every instance he assigned the rental claims, as well as the claims for final payment, to plaintiff before he filed them with the county, and the warrants were all made payable directly to plaintiff. The record fails to reveal that he received a single payment from the county for all the tractors rented and sold by him to the county. Plaintiff received all the payments directly from the county. The contracts, with forms of assignment printed on the back in which plaintiff's name appears as assignee, that were used by Johnson, were prepared and furnished by plaintiff. Furthermore, while the contract gave Johnson the right only to sell the products of plaintiff, in every one of these transactions he rented these tractors to defendant, a thing he had no right to do under the contract. The illegal transactions must have been with the knowledge and consent of plaintiff because all of the rental payments, as well as those for the sale of the tractors, were assigned directly to plaintiff and received by it. Johnson testified that he did not own Tractor Model L, No. 1559, at the time he leased it to defendant; that at that time it was the property of plaintiff, but that he had a lease for the tractor from plaintiff. The contract between Johnson and plaintiff does not provide for leasing of tractors. Notwithstanding, when· Johnson consummated this transaction with the defendant, plaintiff apparently was willing to lease the tractor to Johnson so that he could carry out the illegal transaction. It does not appear what rent he was to pay for the tractor, if any, nor how long he was granted the use of it. At the conclusion of the rental period for this tractor which Johnson says he rented from the plaintiff, the tractor remained in the possession of defendant for many months without any additional rental payments and without any understanding, as plaintiff and Johnson would have us believe, that the tractor had been sold and would be paid for. Plaintiff did not seem to be concerned with the fact that defendant was continuing to use and depreciate its tractor without any agreement for further rental payments or understanding that the balance would be paid as a purchase price.

Many other circumstances might be pointed out which are entirely inconsistent with transactions between buyer and seller. It is sufficient to say that, when fairly viewed, the record supports the conclusion reached by the court that Johnson was the agent of plaintiff. But even if it be conceded that Johnson was not its agent, plaintiff still is liable because the only conclusion that can be drawn from the testimony is that it was privy to the transactions between Johnson and defendant, had knowledge thereof, and participated therein.

 It is further contended that the action on the cross petition was for the recovery of a penalty; that the statute provides a one year limitation for the maintenance of such an action, and that therefore it was error for the court to render judgment against plaintiff for the amount of the claims paid by the county more than one but less than three years prior to the filing of the cross petition. The Supreme Court of Oklahoma held in State ex rel. v. Ingram, 164 Okl. 244, 23 P.2d 648, that a suit for the recovery of money of a municipality which had been misappropriated is not penal, and that the three year statute of limitations applied to such an action. It is, however, contended that the cross petition does not state a claim for money had and received, but instead seeks to recover a penalty. The prayer did ask for double the amount of all payments made to plaintiff. The cross petition, however, pleaded the facts under which the payments were wrongfully made and specifically set out the dates of each payment. That was sufficient to permit the recovery of such amounts as the cross-petitioner was entitled

to. The prayer of the petition is no part of the cause of action. The fact that the prayer was for double the amount of all the payments made could not deprive cross petitioner of the right to recover that which his cause of action and the proof established that he was entitled to. The court had no difficulty in segregating the payments which plaintiff had received and for which a penalty could not be imposed from those for which a penalty was permissible under the statute.

The judgment of the trial court is affirmed.

PHILLIPS, Circuit Judge (dissenting in part).

After a painstaking and careful examination of the record, I am convinced that there was no substantial evidence establishing that Chas. M. Johnson was the agent of the Boardman Company, or that the Boardman Company had any knowledge of the illegality of the transactions between Johnson and the Board of County Commissioners set up in the cross-petition. If this be true, the Board was not entitled to recover against the Boardman Company on the cross-petition. See Buckeye Engine Co. v. City of Cherokee, 54 Okl. 509, 153 P. 1166; Dowler v. State, 179 Okl. 532, 66 P. 2d 1081.

For these reasons, I dissent from the affirmance of the judgment in favor of the Board on the cross-petition.

Petition for Rehearing.

HUXMAN, Circuit Judge.

The Boardman Company, a corporation, has filed a petition for rehearing. It is now urged for the first time that the court below erred in rendering judgment for double the amount of Warrant No. 3502, which is for the sum of $794.09; that the warrant shows upon its face that it was for supplies and not for rental or purchase of a tractor. Warrant No. 3502, in the amount of $794.09, was issued in payment of Claims B46735 and B49718. Claim B46735 is set out in defendant's Exhibit 28, which shows that it was for the purchase of one Model WK Allis Chalmers Tractor No. 4225, in the amount of $793.41. The court rendered judgment for double this sum and not for double the amount of Warrant 3502.

Our attention is also directed to the discussion in the opinion of the rental contract of January 25, 1937, in which we said that the contract provided for a rental period commencing May 31, 1937, and ending June 30, 1937, for which a rental of $2,000 was to be paid, whereas defendant's Exhibit 6 shows that the rental period was nearer five months. It is true that the opinion discusses the contract as set out in Exhibit 5 of defendant's cross petition. This contract was not introduced in evidence. The contract as set out in defendant's Exhibit 6 was the one that was introduced. However, the only difference resulting from the consideration of the two contracts is one of degree, because each provides for an exorbitant and unwarranted rental.

The petition for rehearing is denied.